1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

LINDA CAROL MCKINNEY,              )    Case No. CV 17-09082-AS
                                   )
              Plaintiff,           )    **MEMORANDUM OPINION AND**
                                   )
       v.                          )    **ORDER OF REMAND**
                                   )
NANCY A. BERRYHILL,                )
Acting Commissioner of the         )
Social Security Administration,    )
                                   )
              Defendant.           )
_____  )

**PROCEEDINGS**

     On December 19, 2017, Plaintiff filed a Complaint seeking review of
the denial of her application for Supplemental Security Income. (Docket
Entry No. 1).  The parties have consented to proceed before the
undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12).
On May 24, 2018, Defendant filed an Answer along with the Administrative
Record ("AR").  (Docket Entry Nos. 18-19).  The parties filed a Joint
Stipulation ("Joint Stip.") on August 20, 2018, setting forth their

respective positions regarding Plaintiff's claims. (Docket Entry No. 20).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 11, 2014, Plaintiff, formerly employed as a hair weaver, care provider, security guard, supportive living instructor, and housekeeper (see AR 41-44, 206, 217-22), filed an application for Supplemental Security Income, alleging an inability to work because of a disabling condition since March 30, 2013. (See AR 22).[1] The Commissioner denied Plaintiff's application initially on March 21, 2014 and on reconsideration on June 11, 2014 (see AR 116-19, 121-24).

On July 21, 2016, the Administrative Law Judge ("ALJ"), John C. Tobin, heard testimony from Plaintiff, who was represented by counsel, and vocational expert Howard Goldfarb. (See AR 37-69). On August 31, 2016, the ALJ issued a decision denying Plaintiff's application. (See AR 22-30). After determining that Plaintiff had the severe impairment of degenerative disc disease of the lumbar spine (AR 25)[2] but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (AR 26), the ALJ

---

[1] The Administrative Record does not contain a copy of Plaintiff's application.

[2] The ALJ found that Plaintiff's other impairments -- depression and anxiety, singly and in combination -- were nonsevere. (AR 25-26).

found that Plaintiff had the residual functional capacity ("RFC")[3] to perform light work[4] with the following limitations: alternating sitting and standing every 30 minutes for a total of 4 hours sitting or standing; and climbing, balancing, stooping, kneeling, crouching and crawling occasionally. (AR 26-29). The ALJ then determined that Plaintiff was not able to perform any past relevant work (AR 29), but that jobs existed in significant numbers in the national economy that Plaintiff can perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 29-30).

Plaintiff requested that the Appeals Council review the ALJ's Decision. (See AR 168). The request was denied on October 27, 2017. (See AR 1-6). The ALJ's Decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance.

---

[3] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 416.945(a)(1).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014).  To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion."  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted).  As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ."  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).[5]

## PLAINTIFF'S CONTENTIONS

Plaintiff alleges that the ALJ erred in: (1) failing to properly evaluate the medical evidence in assessing Plaintiff's RFC; and (2) relying on the vocational expert's testimony to determine that a person with Plaintiff's characteristics and RFC could perform work in the national economy.  (See Joint Stip. at 4-6, 9-14).

## DISCUSSION

After consideration of the record as a whole, the Court finds that Plaintiff'S first claim of error warrants a remand for further consideration.  Since the Court is remanding the matter based on

---

[5]     The harmless error rule applies to the review of administrative decisions regarding disability.  See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(An ALJ's decision will not be reversed for errors that are harmless).

Plaintiff's first claim of error, the Court will not address Plaintiff's second claim of error.

## A. The ALJ Did Not Properly Assess Plaintiff's RFC

Plaintiff asserts that the ALJ did not properly assess Plaintiff's RFC because the RFC constituted "impermissible lay medical opinion" and "lack[ed] the support of substantial evidence." Plaintiff claims that in determining that Plaintiff had the RFC to perform light work, the ALJ "simply split the difference between" the opinion of Plaintiff's treating physician about Plaintiff's functional capacity (which the ALJ rejected) and the opinion of the State Agency Physicians (to which the accorded great weight). (See Joint Stip. at 4-6, 9-10). Defendant asserts that the ALJ properly evaluated the opinions of Plaintiff's treating physician and the State Agency Physicians in assessing Plaintiff's RFC. (See Joint Stip. at 6-9).

An ALJ may not substitute his own interpretation of the medical evidence for the opinion of medical professionals. See Tackett v. Apfel, 180 F.3d 1094, 1102-03 (1999)("There is no medical evidence to support the ALJ's finding that [the claimant] could work through an eight hour workday with breaks every two hours."); Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000)("[A]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record."); see also Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975)(an ALJ who is not qualified as a medical expert cannot make "his own exploration and assessment as to [the] claimant's physical condition").

Jay W. Lee, M.D., treated Plaintiff from February 12, 2013 to February 24, 2014. (See AR 275-336).[6] In a Physical Residual Functional Capacity Questionnaire dated May 12, 2016, Dr. Lee diagnosed Plaintiff with chronic back pain, scoliosis of the thoracic spine and an abdominal wall hernia (recurrent), and opined that Plaintiff had the following functional limitations: cannot sit at any one time more than 10 minutes or more than 2 hours total; cannot stand at any one time more than 15 minutes or 1 hour total; can sit, stand and/or walk less than 2 hours out of an 8-hour workday; requires one unscheduled break per 2-hour period; can lift and/or carry 20 pounds rarely and 10 pounds or less occasionally; can twist, stoop, bend and climb stairs occasionally, but can never crouch or climb ladders; has mild limitations in repetitive reaching, handling or fingering; and is likely to be absent from work more than 4 days per month. (See AR 379-82).

A State Agency Physician, B. Vaghaiwalla, M.D., prepared a report dated March 21, 2014. (See AR 98-105). Dr. Vaghaiwalla opined that Plaintiff had the following functional limitations: can lift and/or carry 50 pounds occasionally and 25 pounds frequently; can stand and/or walk (with normal breaks) about 6 hours in an 8-hour workday; can sit (with normal breaks) about 6 hours in an 8-hour workday; can push and/or pull on an unlimited basis; can stoop and crouch occasionally; and can

---

[6] In a letter dated July 30, 2014, Dr. Lee wrote the following: "I am writing to confirm that [Plaintiff] has chronic back pain due to scoliosis and degenerative joint disease of the spine confirmed by imaging including x-ray and MRI. She has previously been referred for evaluation by a spine surgeon and has elected not to pursue surgery; her pain has been managed conservatively with medication and physical therapy." (AR 337).

climb ramps/stairs/ladders/ropes/scaffolds, balance, kneel and crawl on an unlimited basis. (See AR 102-03).

A State Agency Physician, H. Han, M.D., prepared a report dated June 11, 2014. (See AR 107-114). Dr. Han opined that Plaintiff had the same functional limitations that Dr. Vaghaiwalla found. (See AR 111-12).[7]

After discussing the opinions of Drs. Lee, Vaghaiwalla, and Han (see AR 28), the ALJ addressed their opinions as follows:

> The state agency medical opinions are given great weight, to the extent they are consistent with the record as a whole, as discussed above, which shows that the claimant is more functional than what she claimed. However, their residual functional capacity of the claimant is inconsistent with the objective evidence, e.g. showed L4-L5 moderate spinal stenosis with mild progression since the last exam, but no canal stenosis or foraminal compromise (Exhibit B7F pp. 91-95). Therefore, that portion of their opinion is given little weight. The opinion of Dr. Lee is inconsistent with objective evidence, symptom evaluation, and medical opinions as discussed above. In sum, the above residual functional capacity assessment is supported by clinical signs, diagnostic examination, medical opinions and evidence of the claimant's functional capacity (Exhibits 2A; B4A;

_____

[7]    In essence, Drs. Vaghaiwalla opined that Plaintiff could perform medium work with some limitations. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

B7D; B9D; B5E; B1F pp. 5, 22-24, 29, 36; B4F p. 3; B5F p. 10; b7F pp. 2, 5, 21, 40, 42, 46, 57, 63, 70, 91-95).

Contrary to Defendant's assertions (see Joint Stip. at 6-9), Plaintiff is not challenging the ALJ's decision to reject the opinion of Dr. Lee.[8] Rather, Plaintiff is claiming that the ALJ's determination about Plaintiff's RFC is not supported by substantial evidence. The Court finds this claim to have merit. Both Dr. Vaghwailla and Dr. Lee opined _inter_ _alia_ that Plaintiff can lift and/or carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk (with normal breaks) about 6 hours in an 8-hour workday, sit (with normal breaks) about 6 hours in an 8-hour workday, and climb on an unlimited basis. (See AR 102-03, 111-12). However, Dr. Vaghwailla's and Dr. Lee's opinions do not support the ALJ's determination that Plaintiff has the RFC to lift less than 20 pounds and to lift or carry up to 10 pounds frequently, to alternately sit and stand every 30 minutes, to sit or stand 4 hours in an 8-hour workday, and to climb occasionally. However, the evidence the ALJ cited as purported support for his RFC determination (see AR 28-29) fails to support the ALJ's specified restrictions on lifting, carrying, alternating and total

---

[8] As a result, the Court need not determine whether the ALJ provided specific and legitimate reasons for rejecting the opinion of Dr. Lee. See Lester v. Chater, 81 F.3d at 821, 830 (9th Cir. 1995)("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by subtantial evidence in the record for doing so.")(citation omitted). The Court notes, however, that it is not clear which portions of Dr. Vaghaiwalla's and Dr. Lee's opinions the ALJ accorded great weight and little weight. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

sitting/standing, and climbing. Since the ALJ did not explain the basis for the specific restrictions assessed, the ALJ appears to have substituted his own interpretation of the medical evidence for the opinions of medical professionals.

**B.    Remand is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, 211 F.3d at 1179-81.

Since the ALJ failed to properly determine Plaintiff's RFC, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy

defects. <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[9]

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 6, 2018.


                                        /s/
                                   ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE

---

[9] The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claim regarding the ALJ's error in relying on the vocational expert's testimony to determine that a person with Plaintiff's characteristics and RFC could perform work in the national economy (<u>see</u> Joint Stip. at 9-14). Because this matter is being remanded for further consideration, this issue should also be considered on remand.